UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM J. MITCHELL, JR., | § | |
|     *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-2128 |
| | § | |
| CONRAD J. MITCHELL, *et al.* | § | |
|     *Defendants*. | § | |

## MEMORANDUM AND ORDER

The defendants' motion to join indispensable parties (Dkt. 13) was capably argued by counsel and heard by the court on April 18, 2006. The court now grants the motion in part. By agreement between the parties, Edna L. Mitchell and Mitchell Family Enterprises, Inc. will be joined as parties to this action. As explained below, the motion is denied with respect to joining Slumber, Inc.

Plaintiff William J. Mitchell, Jr. is suing his brothers Conrad and Robert Mitchell, and his mother Edna L. Mitchell,[1] to enforce the terms of a settlement agreement entered into in October 2004. The plaintiff brought several suits against his brothers and mother, both in Texas and in New Jersey, primarily relating to ownership and control of Slumber, Inc. ("Slumber"), a corporation founded by William J. Mitchell, Sr. At issue now is the alleged breach of the terms of the

---

[1] Edna L. Mitchell, mother of the parties, is already listed as a defendant on the docket sheet. William Mitchell states that originally listing her as a party in the complaint was inadvertent, but the parties now agree that she is necessary to this litigation.

settlement agreement meant to resolve the prior litigation. The more important terms of the settlement agreement still in dispute include the following:

- William Mitchell agreed to sell 146 shares held in the Mitchell Family Limited Partnership[2] to Conrad and Robert Mitchell for $2,920,000.00.
- With the proceeds of the $2,920,000.00, William Mitchell agreed to pay off a $1,143,00.00 promissory note to Edna Mitchell.
- The Mitchell brothers agreed to proceed in good faith to determine the price at which William would sell Conrad his 1/3rd interest in a Costa Rican Corporation.

The sale of shares in Slumber itself is no longer at issue, as William Mitchell's 187 shares of that corporation have been transferred to Conrad and Robert Mitchell for approximately 3.7 million dollars.

Because this is a diversity case, the court notes the residences of the parties and potential parties:

- William J. Mitchell, Jr. is a citizen of New Jersey.
- Conrad Mitchell is resident of Brazoria County, Texas.
- Robert Mitchell is a resident of South Carolina.
- Edna L. Mitchell, resides in Brazoria County, Texas.
- Slumber, Inc. is a New Jersey corporation.
- Mitchell Family Enterprises, Inc. is a Texas limited partnership.

Defendants Conrad and Robert Mitchell assert that Slumber, Mitchell Family Enterprises, Ltd. ("MFE"), and Edna Mitchell, are necessary and indispensable parties

---

[2] The settlement agreement refers to it as the Mitchell Family Limited Partnership, but the parties have clarified that this entity is actually Mitchell Family Enterprises, Inc.

2

to this lawsuit. The plaintiff does not object to the joining of Edna Mitchell and MFE,[3] leaving only the status of Slumber for the court's consideration.

Federal Rule of Civil Procedure 12(b)(7) allows for motions to dismiss for failure to join a party required by Rule 19. Rule 19(a) "allows joinder of necessary parties unless that joinder would defeat diversity jurisdiction." *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997). The joinder of Slumber would deprive this court of jurisdiction, which is premised on the diverse citizenship of the parties. William Mitchell is a resident of New Jersey, while Conrad and Robert are citizens of Texas and South Carolina, respectively. Slumber is a New Jersey corporation. Thus, if Slumber is joined, the plaintiff and one of the defendants would be from the same state. Nor does supplemental jurisdiction apply. Where a federal court's original jurisdiction is based solely on diversity, then it does not have supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24" when "exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of [28 U.S.C. §

---

[3] In response to the motion to join, the plaintiff declared that should Edna Mitchell assert a breach of the promissory note, "Plaintiff agrees she should be joined since pay off of the Promissory Note is conditioned on receipt of payment from Defendants to Plaintiff for his partnership interest." Dkt. 26, ¶ 16. Edna Mitchell has indeed subsequently brought suit against William for breach of the promissory note. *See Edna Mitchell v. William Mitchell*, H-06-cv-1109 (S.D. Tex. 2006). At the motion hearing the plaintiff also indicated that it was now unopposed to joining MFE as a party.

1332, the statutory grant of diversity jurisdiction]." 28 U.S.C. § 1367(b); *see also State Nat. Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004).

If joinder of an absent party is not feasible under 19(a), then the court determines if the party is indispensable under Rule 19(b). *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). Rule 19(b) lists four factors to be considered: (1) the extent to which proceeding without the absent party would prejudice either the absent party or the parties to the lawsuit; (2) whether a judgment can be structured with protective provisions which would lessen the potential prejudice; (3) whether a judgment in the absence of the necessary party will be adequate; and (4) whether the plaintiff has an adequate remedy if the lawsuit is dismissed. *See* FED. R. CIV. P. 19(b).

The defendants contend that Slumber is indispensable to this litigation for two reasons. First, they point out that Conrad and Robert Mitchell signed the settlement agreement both on behalf of themselves individually and as officers/directors of Slumber. Thus, they maintain that Slumber is a party to the contract and cite as controlling the proposition of law that where rights sued upon arise out of a contract, all parties to that contract are deemed indispensable.[4] Second, at the motion hearing

---

[4] For instance, the defendants cite *Ward v. Deavers*, 203 F.2d 72 (D.C. Cir. 1953); *Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil, Inc.*, 456 F. Supp. 831 (D. Del. 1978); and *Jacobsen v. Luckenbach S.S. Co.*, 201 F. Supp. 883 (D. Or. 1961).

the defendants maintained that should they be held liable in this action, they may seek indemnity from Slumber.

Very similar arguments were presented and rejected in *Godwin Gruber, P.C. v. Lambert*, 2004 WL 813229, at *7 (N.D. Tex. 2004):

> Here, RLL maintains that plaintiff should have joined AMO because "all parties to a contract are indispensable." (Def. Mot. at 1). The court initially observes that this categorical legal argument flies in the face of the "highly practical, fact-based decision" called for by Rule 19. *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986). Moreover, it is an incorrect statement of the law. "The rule generally applied by federal courts is where two or more parties are joint *obligees*, they are indispensable parties in an action for enforcement of that obligation." *Harrell and Sumner Contracting Co. v. Peabody Petersen Co.*, 546 F.2d 1227, 1228-29 (5th Cir. 1977) (emphasis added). However, most courts recognize that joint *obligors* are not indispensable parties to a suit for breach of contract. *See, e.g., Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 408 (3d Cir. 1993), citing 7 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1613; *Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc.*, 704 F.2d 585, 586-87 (11th Cir. 1983) (citing cases); *Reid v. Liberty Consumer Discount Co. of Pennsylvania*, 484 F.Supp. 435, 441 (E.D. Pa. 1980). That AMO may be jointly liable to plaintiff under the consulting agreement made the basis of this suit does not make it an indispensable or even a necessary party to the litigation. Nor is AMO an indispensable party merely because defendants may have a right of reimbursement, contribution, or indemnity for some or all of any judgment that may be taken against them. *See Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880 (5th Cir.), *cert. denied*, 484 U.S. 854, 108 S.Ct. 158, 98 L.Ed.2d 113 (1987); *Field v. Volkswagenwerk, AG*, 626 F.2d 293, 298 (3d Cir. 1980). RLL has failed to prove that the failure to join AMO warrants the dismissal of this case.

These points are equally applicable here.  As a co-signer of the settlement agreement, Slumber is potentially a joint obligor to William Mitchell rather than a joint obligee.  And assuming Conrad or Robert Mitchell might have claim for contribution or indemnification from Slumber does not make it an indispensable party.  *See Nottingham v. General Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) ("Rule 19 does not require joinder of persons against whom [there may be] a claim for contribution").

There is little to demonstrate that absence of Slumber will prove prejudicial either to it, or to those parties already in this case.  Slumber is not claimed to have breached the agreement with William Mitchell, or to be liable in any other way.  This case involves the alleged breach of a contract whereby William Mitchell agreed to sell his 146 shares in MFE for $2,920,00.00 to Conrad and Robert Mitchell.  With the proceeds of this 2.92 million dollars, William agreed to satisfy a $1,143,000.00 promissory note to Edna Mitchell.  Simply enough, William contends that Conrad and Robert Mitchell have failed to pay the 2.92 million dollars as obligated.  Thus, while it is undisputed that ownership interests in Slumber and MFE are affected by this dispute, no at-risk interest specifically belonging to Slumber has been identified.

The potential prejudice to Conrad and Robert Mitchell also appears minimal.  Slumber is a closely-held and family controlled corporation.  Slumber's president is

Conrad Mitchell and all Slumber stock is owned by Conrad and Robert Mitchell and MFE. *See* Dkt. 26, n.1. MFE, in turn, is wholly owned by the three Mitchell brothers. Thus, Slumber is subject to control by the parties already named, who are in turn subject to any judgment entered by the court. Presumably then, Conrad and Robert Mitchell are in a position to seek indemnification should that prove necessary.

In short, the defendants have not established that they will be subject to multiple or inconsistent obligations if Slumber is not joined, nor that the disposition of this case will impair or impede any interest that Slumber may have. *See Schutten v. Shell Oil Co.*, 421 F.2d 869, 874 (5th Cir. 1970). Accordingly, the court finds that Slumber is not an indispensable party under Rule 19(b).

Plaintiff is directed to file and serve an amended complaint naming Edna L. Mitchell and Mitchell Family Enterprises, Inc. as party defendants within 14 days from the date of this order.

Signed on April 28, 2006, at Houston, Texas.

_____
Stephen Wm Smith
United States Magistrate Judge